J-A01003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HERBERT E. LINDSEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSICA E. GAULT | : | |
| | : | |
| Appellant | : | No. 1183 MDA 2021 |

Appeal from the Decree Entered August 18, 2021
In the Court of Common Pleas of Franklin County Civil Division at No(s):
2019-05190

BEFORE:  LAZARUS, J., NICHOLS, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED:  FEBRUARY 1, 2022**

Jessica E. Gault (Mother) appeals from the decree modifying custody of her minor child, N.R. (Child).  Mother argues that the trial court abused its discretion when it failed to award her primary physical custody because Child's father, Herbert E. Lindsey (Father), uses corporal punishment when Child is in his custody, and the punishment is negatively impacting Child.  We affirm based on the trial court's opinion.

The trial court summarized the relevant facts and procedural history of this matter as follows:

> [Child] is a thirteen-year-old male who resides primarily in Shippensburg, Pennsylvania, with [Father], Step-Mother, and three half-siblings.  [Child] attends Shippensburg Middle School and will enter the eighth grade this fall.
>
> Mother resides in Florida and exercises physical custody of [Child] during the summer and on holidays.  [Mother] shares legal custody with Father.  Mother lives in a four-bedroom home with her husband, mother-in-law, and four children, two of whom only

live with Mother during the summer. Mother works as a nurse and moved to Florida to further her nursing degree. Mother does not have a set work schedule and can select her work schedule to suit her needs.

Father resides in Shippensburg, Pennsylvania. He has primary physical custody of [Child]. Father lives in a three-bedroom home with his wife and four children, including [Child]. Father is a truck driver and typically works from approximately 4 a.m. until between 2-6 p.m. on weekdays.

Trial Ct. Op., 8/18/21, at 1-2.

[Mother] filed a Petition to Modify Custody on September 13, 2019, and a Petition for Relocation on October 9, 2019, in Adams County. This case was transferred from Adams County to this [c]ourt on December 26, 2019. Mother filed a Petition to Modify Custody on January 14, 2021, with this [c]ourt requesting primary physical custody and shared legal custody.

On March 18, 2021 the parties attended conciliation. On March 30, 2021, the Conciliator recommended the two prior Orders from Adams County remain in effect, except for certain summer and holiday modifications.

A Pre-Trial Conference was held on May 11, 2021. On August 3, 2021, trial was held on Mother's Petition to Modify Custody. The parties testified and [Child] was interviewed in camera.

Trial Ct. Op., 8/18/21, at 1.

At the conclusion of trial, the trial court entered a decree superseding all prior orders concerning the custody of Child. The decree awarded Father primary physical custody with specified periods of custody between the parties, and it granted Mother and Father shared legal custody. On September 8, 2021, Mother filed a timely notice of appeal and statement of matters complained of on appeal. On October 1, 2021, trial court filed a statement

pursuant to Pa.R.A.P. 1925(a) incorporating by reference its August 18, 2021 opinion, which was filed in conjunction with the August 18, 2021 decree.

Mother raises the following issue:

Did the trial court err in not granting Mother primary custody as evidenced by the record in [Child's] failure to thrive emotionally, physically, academically, socially, and spiritually so that [Child] may not now receive the tutoring, counseling, and other support that [Child] needs to thrive, especially in a school setting, a result which may be adverse to the long-term welfare and best interest of [Child]?

Mother's Brief at 4.

In matters under the Child Custody Act, 23 Pa.C.S. §§ 5321-5340, our scope and standard of review are as follows:

Our scope is of the broadest type and our standard is abuse of discretion. This Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses firsthand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law or are unreasonable in light of the sustainable findings of the trial court.

Furthermore, we note that the discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

The primary concern in any custody case is the best interests of the child. The best-interests standard, decided on a case-by-case

- 3 -

basis, considers all factors that legitimately affect the child's physical, intellectual, moral, and spiritual well-being.

***B.S.G. v. D.M.C.***, 255 A.3d 528, 533 (Pa. Super. 2021) (formatting altered and internal citations omitted). In assessing a child's best interests, the trial court must consider the factors detailed in 23 Pa.C.S. § 5328, which are set forth as follows:

**(a) Factors.--**In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

- 4 -

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a).

Additionally, although neither Mother nor Father sought to relocate, Mother's request for modification involved changing Child's primary residence from Pennsylvania to Florida, and in such circumstances, the trial court is permitted to consider the relocation factors set forth in 23 Pa.C.S. § 5337(h). **See D.K. v. S.P.K.**, 102 A.3d 467, 474 (Pa. Super. 2014) (stating that the relocation provisions of Section 5337 are not triggered unless one of the parties is relocating; however, even in cases where Section 5337 is not triggered *per se*, the trial court may consider the factors from Section 5337(h) where a request for modification of custody involves changing the child's

- 5 -

residence to a significantly distant location).  The factors from Section 5337(h)

that the trial court considered in the instant case are as follows:

> **(h) Relocation factors.--**In determining whether to grant a proposed relocation, the court shall consider the following factors, giving weighted consideration to those factors which affect the safety of the child:
>
> > (1) The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.
> >
> > \*    \*    \*
> >
> > (3) The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.
> >
> > \*    \*    \*
> >
> > (7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.
> >
> > (8) The reasons and motivation of each party for seeking or opposing the relocation.
> >
> > \*    \*    \*

23 Pa.C.S. § 5337(h).[1]

We have reviewed the briefs of the parties, the relevant law, the certified

record before us on appeal, and the trial court's opinion.  As noted, the trial

---

[1] In its discretion, the trial court considered the factors under Section 5337 in conjunction with factors set forth and considered under Section 5328.  **See A.N. v. L.E.W.**, 1048 EDA 2021, 2022 WL 34865, at *13 (Pa. Super. filed January 4, 2022) (unpublished mem.).  **See generally** Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

court aptly considered all of the factors set forth in 23 Pa.C.S. § 5328(a), and it engaged in and explained its discretionary review of relevant factors from 23 Pa.C.S. § 5337(h). Moreover, we conclude that the trial court's opinion aptly addressed Mother's concerns relative to Father's discipline of Child in addition to her other challenges to the August 18, 2021 decree. Specifically, the trial court acknowledged the positives and negatives of each parties' disciplinary methods and carefully weighed those considerations in conjunction with the factors under Sections 5328 and 5337. We discern no abuse of discretion nor error of law. *See B.S.G.*, 255 A.3d at 533. Accordingly, we affirm the August 18, 2021 decree on the basis of the trial court's opinion. *See* Trial Ct. Op., 8/18/21, at 2-11.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/01/2022